**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 30, 2016[*]
Decided September 6, 2016

## Before

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 16-1913 <br><br> UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>      *v.* <br><br> ANDRE WILLIAMS, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 95 CR 242-6 <br> Robert W. Gettleman, *Judge.* |

## Order

    Andre Williams, who has 14 years left to serve in prison (his release is scheduled for 2030, if he earns and retains all good-time credits), asked the district court to revise some conditions that will apply to supervised release once

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

his time in prison ends. The district court declined, deeming the application premature.

District judges have the authority to revise terms of supervised release "at any time" (18 U.S.C. §3583(e)(2)). Williams maintains that because a judge *may* act at any time, the judge *must* act whenever requested to do so. The district judge thought otherwise, observing that in the 14 years between now and Williams's scheduled release, "he may have totally other issues that he might want to deal with regarding supervised release." The judge might have added that the governing law (including controlling decisions of this court) may change between now and then.

If the district judge had proposed to defer decision until Williams was actually out of prison, then we would be inclined to think the decision a mistake. Williams is entitled to know, before he leaves prison, what terms and conditions govern his supervised release. We would be reluctant to allow a judge to deem premature a request in the final year or two of imprisonment. But treating a request 14 years in advance as premature, and requiring the prisoner to make all potential arguments at one time in the year or so before release, is a sound exercise of discretion.

On that understanding, the judgment is affirmed.